IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01826-MEH

RONNIE LEE HOWARD,

    Plaintiff,

v.

K. ESTRADA,

    Defendant.

---

### AMENDED[1] ORDER ON DEFENDANT'S MOTION TO DISMISS

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is the Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [filed April 4, 2017; ECF No. 39]. The motion is briefed to the extent required by law, and the Court finds that oral argument will not assist in the adjudication of the motion. Based on the record and for the reasons that follow, the Court grants the Defendant's motion.[2]

### **BACKGROUND**

    Plaintiff initiated this lawsuit on July 15, 2016, then filed the operative Second Amended Complaint on December 1, 2016 in accordance with Magistrate Judge Gallagher's orders during initial review.

---

    [1]This order is modified to include the Court's consideration of Plaintiff's response to this Court's May 16, 2017 order extending his deadline to respond to Defendant's information concerning a possible FTCA claim.

    [2]The parties consented to this Court's jurisdiction on February 8, 2017. ECF Nos. 33, 40.

## I. Facts

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by the Plaintiff in the Second Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On August 7, 2014, Defendant K. Estrada, a corrections officer, lost control of an 800-pound food cart, which violently crashed into Plaintiff's wheelchair, causing him to fall and be knocked unconscious. Plaintiff suffered extreme pain in his neck and back area and endured painful headaches. He is still suffering from daily pain.

According to Plaintiff, Defendant received training that he should never push the heavy food cart alone and that the area around the food cart should be secured from staff and inmates before moving it. Despite this training, Defendant pushed the food cart by himself and did not secure the area.

## II. Procedural History

Based on these factual allegations, Plaintiff claims Defendant violated his Fifth (due process) and Eighth Amendment rights against deliberate indifference by a correctional officer. Am. Compl., ECF No. 18. Plaintiff requests "punitive damages in the sum of 2.2 million dollars for irreparable harm based on reckless disregard for Mr. Howard's safety and caused injuries." *Id.* at 4.

Defendant filed the present motion arguing the Plaintiff fails to state plausible claims for violations of his constitutional rights under both the Fifth and Eighth Amendments. In addition, Defendant claims he is entitled to qualified immunity in his individual capacity.

Plaintiff counters that Defendant has an "authorized duty to protect a prisoner from even his

reckless dangerment [sic]"; "there is no societal interest in protecting those uses of a prison guard's discretion that amounts to reckless or callous indifference to the rights and safety of the prisoners in his charge"; and Plaintiff has been approved for back surgery to correct the injuries he suffered and he is no longer able to continue his job assignment due to his injuries. *See* Resp., ECF No. 46.

At the Scheduling Conference in this case, Plaintiff repeatedly referred to the alleged incident involving the Defendant as an "accident." The Court expressed its intention to allow Plaintiff to amend the operative pleading to add a claim under the Federal Tort Claims Act ("FTCA") and requested that defense counsel determine whether Plaintiff exhausted such a claim as required under the Act. On April 28, 2017, Defendant filed a Status Report in which defense counsel confirmed that Plaintiff indeed filed the necessary SF-95 complaint form on December 9, 2014 (ECF No. 51-1 at 1–8), and such claim was denied on October 14, 2015 (ECF No. 51-1 at 11).

However, Defendant argued that an amendment to add an FTCA claim would be futile because the Plaintiff failed to file a lawsuit alleging an FTCA claim within six months after the claim was administratively denied. Status Report, ECF No. 51. Plaintiff responded that his "low intellectual level and/or inability to read and write is the main and only factor which caused his untimely tort action." Resp., ECF No. 60 at 2. According to Plaintiff, his "inability to read and write, and lack of legal pedagogy equate[ ] [to] his not having knowledge of the required 60 days in which to pursue the tort issue." *Id.*

## LEGAL STANDARDS

I.     **Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

3

as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## II. Treatment of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory

4

on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## **ANALYSIS**

Defendant asserts he is entitled to qualified immunity from liability for the Fifth and Eighth Amendment claims against him in his individual capacity. Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "It is an entitlement not to stand trial or face the other burdens of litigation." *Ahmad v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). "The privilege is an immunity from suit rather than a mere defense to liability." *Id.*

Qualified immunity is designed to shield public officials and ensure "that erroneous suits do not even go to trial." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 779 (10th Cir. 1993) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow*, 457 U.S. at 806-08 (1982); *Pueblo Neighborhood Health Ctrs. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988)). Consequently, courts should address the qualified immunity defense at the earliest possible stage in litigation. *Medina*

5

*v. Cram*, 252 F.3d 1124, 1127-28 (10th Cir. 2001); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).

When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). "The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009)).

The Supreme Court affords courts the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 236; *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009). Here, for Plaintiff's constitutional claims against Defendant, the Court examines first whether Plaintiff has demonstrated on the alleged facts that Defendant violated his constitutional right to due process and against cruel and unusual punishment. If the Court finds that Plaintiff's facts state plausible violations of a right, the Court will then proceed to analyze whether Plaintiff's constitutional right was clearly established at the time of the alleged conduct.

## I.     Fifth Amendment Claim

In the Second Amended Complaint, Plaintiff alleges the "Fifth . . . Amendment guarantees [him] against such conduct [sic], . . . which invokes both deliberate indifference and [a] liberty interest when a parties [sic] reckless disregard to another's safety has caused injuries that are irreparable." Am. Compl. 4. Plaintiff brings his constitutional claims against Defendant, a federal official, pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. Defendant first argues that Plaintiff's allegations fail to state a Fifth Amendment claim

6

"because such violation has not been recognized as a basis for a *Bivens* remedy." Mot. 9.

Recently, the Tenth Circuit articulated the limited types of claims that may be brought pursuant to *Bivens*:

> In several cases following *Bivens*, the Supreme Court extended the doctrine from the Fourth Amendment context to other types of constitutional claims. In *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979), the Court held that a federal Congressional employee could bring a *Bivens* action pursuant to the "equal protection" element of the Due Process clause of the Fifth Amendment. *See id.* at 248–49, 99 S.Ct. 2264. And then in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), the Court allowed the plaintiffs to pursue a *Bivens* claim against federal prison officials for failure to provide adequate medical treatment in violation of the Eighth Amendment's cruel and unusual punishment clause. *See id.* at 17–18, 100 S.Ct. 1468.
>
> *Davis* and *Carlson* represent the high-water mark in the Court's *Bivens* jurisprudence. Since those cases, the Court has steadfastly retreated from a broad application of the doctrine, refusing to extend implied causes of action to other constitutional provisions, and cabining the contexts in which it will allow *Bivens* claims to proceed.

*Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 859 (10th Cir. 2016); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) ("Since *Carlson* we have consistently refused to extend *Bivens* liability to any new context or new category of defendants."); *Minneci v. Pollard*, 565 U.S. 118, 124–25 (2012) (same).

As noted by the Tenth Circuit in *Big Cats*, the Supreme Court in *Davis* focused specifically on the "equal protection component of the Due Process Clause" in ruling that the plaintiff had a cause of action pursuant to *Bivens*. *Davis*, 442 U.S. at 235 ("The equal protection component of the Due Process Clause thus confers on petitioner a federal constitutional right to be free from gender discrimination which cannot meet these requirements."). However, several courts, including the Supreme Court and the Tenth Circuit, have assumed without deciding that *Davis* also permits a *Bivens* cause of action for Fifth Amendment substantive and procedural due process claims. *See,*

7

*e.g., Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (holding the plaintiff failed to state a Fifth Amendment Due Process claim pursuant to *Bivens* because an injury to reputation by itself does not constitute a "liberty interest"); *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997) (holding the plaintiff failed to state a Fifth Amendment Due Process claim pursuant to *Bivens* against "private actors"); *Matthews v. Wiley*, 744 F. Supp. 2d 1159, 1170 (D. Colo. 2010) (holding that *Davis* permits *Bivens* liability for procedural due process claims under the Fifth Amendment).

Nevertheless, the Court need not decide whether Plaintiff states a *Bivens* cause of action because I agree with Defendant's second argument that Plaintiff fails to allege facts sufficient to support a plausible Fifth Amendment substantive due process claim. In this respect, the tortious conduct alleged "must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.... [It] must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Williams v. Berney*, 519 F.3d 1216, 1221 (10th Cir. 2008) (quoting *Livsey v. Salt Lake Cnty.*, 275 F.3d 952, 957–58 (10th Cir. 2001)). "[A] culpable mental state, alone, is insufficient to establish a violation of substantive due process." *Graves v. Thomas*, 450 F.3d 1215, 1222 (10th Cir. 2006) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998) (to establish a substantive due process violation, plaintiffs must show that "the behavior of the [ ] officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.")); *see also Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998) ("[A] plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.") (citation omitted). Although "the conscience-shocking standard is difficult to define and to pinpoint," the standard is not met by official negligence. *Graves*, 450 F.3d

8

at 1221.

> Plaintiff's factual allegations against Defendant are stated as follows:
>
> Defendant, K. Estrada, on August 7, 2014, entered into the inmate's prison dining facility pushing an 800 pound food cart without any assistance of an inmate or staff and thereby pushed the said food cart with full thrust, and the cart violently crashed into the back of my wheelchair, throwing me out of my wheelchair, causing me to become unconscious, and fall violently to the floor. The reckless conduct, and disregard for Plaintiff's safety has caused injuries to upper extremities, [sic] "Mr. Howard's upper back and neck area, causing headaches so painful until he's awaken[ed] from a deep sleep."
>
> Defendant Estrada knew or should have known based upon his training the dangers of pushing and or carrying instruments of heavy weight require [sic] assistance, and the area must be secured [sic] of inmates and prison staff when pushing and or carrying weight of this magnitude.

Am. Compl. 4. As set forth above, "reckless" conduct is not sufficient to demonstrate a Fifth Amendment substantive due process violation. In addition, there is no allegation that Defendant intentionally targeted the Plaintiff or had any sort of malicious intent toward the Plaintiff which might indicate the Defendant engaged in "conscious-shocking" conduct. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property.").

The Court concludes the Plaintiff fails to state a plausible Fifth Amendment Due Process claim against Defendant and, thus, Defendant is entitled to qualified immunity. Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's Fifth Amendment claim against him.

## II. Eighth Amendment Claim

To establish a violation, the Plaintiff must sufficiently allege that (1) Defendant personally participated in the challenged action(s), and (2) Defendant was deliberately indifferent to a substantial risk of serious harm to Plaintiff arising from his action(s).

9

A. Personal Participation

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). "To establish *Bivens* liability, a plaintiff is required to bring forth evidence that an individual defendant directly and personally participated in the purported constitutional violation." *Persaud v. Doe*, 213 F. App'x 740, 743 (10th Cir. 2007) (citing *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), *cert. denied*, 543 U.S. 925 (2004), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 921 (2007)). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman,* 992 F.2d 1053, 1055 (10th Cir. 1993).

Here, Defendant asserts no argument challenging whether he participated in pushing the food cart and striking Plaintiff's wheelchair from behind. Therefore, the Court will assume Defendant's personal participation in the alleged conduct.

B. Eighth Amendment

Under the Eighth Amendment, prisoners are constitutionally entitled to "humane conditions of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Accordingly, prison officials must "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and ... tak[e] reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). Prisoners state a claim of cruel and unusual punishment under the Eighth Amendment by alleging prison officials demonstrated "deliberate indifference to a prisoner's serious illness or

injury," or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Estelle,* 429 U.S. at 105. In this case, the Court liberally construes Plaintiff's pleading as alleging a "conditions of confinement" claim against Defendant.

The Eighth Amendment requires prison officials to maintain "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). As in all Eighth Amendment claims, to show a violation of this requirement, a prisoner must allege facts supporting an objective component and a subjective component. First, a plaintiff must show that the conditions of confinement posed a "substantial risk of serious harm" to inmate health or safety. *Id.* at 834. To satisfy this prong, a prisoner must show that the conditions were more than uncomfortable. *Id.*

Second, the prisoner must show that officials acted with "deliberate indifference" to the risk of harm. *Id.* The subjective prong requires a showing that the officials were actually aware of the risk and that they failed to take "reasonable measures to abate it." *Id.*

Again, the Court finds that Plaintiff fails to allege the state of mind necessary to assert a plausible constitutional violation against the Defendant. There is no allegation that Defendant knew the Plaintiff was sitting in his wheelchair in the path of the oncoming food cart and disregarded the risk of striking the Plaintiff. Plaintiff's allegation that Defendant essentially "should have known better" considering his employment training is not sufficient to state an Eighth Amendment deliberate indifference claim; rather, Plaintiff's claim is simply one of negligence.

Consequently, the Court finds Plaintiff fails to state a plausible Eighth Amendment claim and Defendant is entitled to qualified immunity. The Court will grant Defendant's motion to dismiss

Plaintiff's Eighth Amendment claim against him.

**III.    Leave to Amend**

Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).  As such, in this jurisdiction, a court typically does not dismiss a claim under Fed. R. Civ. P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellmon*, 935 F.2d at 1109-10.  The Court may only dismiss "sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [them] to amend [their] complaint would be futile." *Id.* (quoting *McKinney v. Okla.*, 925 F.2d 363, 365 (10th Cir. 1991)).

Here, the Court recognized at the Scheduling Conference that Plaintiff's allegations possibly stated a claim under the FTCA and directed defense counsel to determine whether Plaintiff sufficiently exhausted the administrative remedies required under the Act.  As set forth above, Defendant argues the Plaintiff filed the necessary complaint on an SF-95 form, which was eventually denied by the Bureau of Prisons ("BOP"), but Plaintiff then failed to file a lawsuit alleging a FTCA claim within the six months required under the Act.  The Court must agree.

"[T]he FTCA has both an administrative-exhaustion requirement, set forth in 28 U.S.C. § 2675(a), and a statute of limitations, set forth in 28 U.S.C. § 2401(b). Combined, these provisions act as chronological bookends to an FTCA claim, marking both a date before which a claim may not be filed and a date after which any filing is untimely." *Barnes v. United States*, 776 F.3d 1134, 1139

(10th Cir. 2015). Section 2401(b)'s limitations period establishes the date after which any claim is barred: "A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *Id.* (citing 28 U.S.C. § 2401(b)).

In this case, the BOP issued a letter by certified mail on October 14, 2015 denying Plaintiff's Form SF-95 complaint and informing the Plaintiff, "[i]f you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than 6 months after the date of mailing of this notification." ECF No. 51-1 at 11. Plaintiff filed the present litigation more than six months later on July 16, 2016. ECF No. 1. He argues that, because he cannot read nor write, he had no knowledge of the six-month requirement at the time he received the October 14, 2015 letter. Resp. ECF No. 60 at 2. However, Plaintiff mentioned nothing about his inability to read and write in this litigation until he filed a notice concerning initial review on October 31, 2016 (ECF No. 14), he has not sought the appointment of pro bono counsel to assist him in this litigation, and he has not explained why there was no one available to read the October 14, 2015 letter to him. *See* 28 C.F.R. § 542.16 (providing that a federal inmate may obtain assistance concerning his administrative remedies from another inmate, institution staff, his family, or an attorney); *see also Ramos v. Smith*, 187 F. App'x 152, 154 (3d Cir. 2006) (failure to meet administrative grievance deadline was not excused where inmate failed to demonstrate he asked for and was refused assistance).

Moreover, the Court has spoken with the Plaintiff twice during status conferences, at which the Plaintiff described his case and his efforts to exhaust his administrative remedies. *See* Minute Orders, ECF Nos. 47, 53. I found Plaintiff to be well-informed and articulate. Notably, it does not

13

require legal training to understand the BOP's admonition that he must file a lawsuit "no later than 6 months after the date of mailing of this notification," and I am not persuaded that the Plaintiff would fail to understand such notice if read to him. Also, I am not convinced that Plaintiff's illiteracy, alone, is sufficient cause to toll the limitations period. *See United States v. Kwai Fun Wong*, -- U.S. --, 135 S. Ct. 1625, 1638 (2015) (FTCA statute of limitations is non-jurisdictional and subject to equitable tolling); *see also Reid v. United States*, 626 F. App'x 766, 768 (10th Cir. 2015) (Under "long-settled equitable-tolling principles, generally a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.") (quoting *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015)).

Thus, the Court finds any amendment to add a claim under the FTCA would be futile as such claim is facially barred by the statute of limitations.

## **CONCLUSION**

In sum, the Court finds Plaintiff's allegations insufficient to state plausible claims for violations of Plaintiff's Fifth Amendment due process rights and Eighth Amendment rights against cruel and unusual punishment. Moreover, any amendment to add a tort claim against the Defendant would be futile.

Accordingly, based on the foregoing reasons and the record herein, the Court **grants** Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [filed April 4, 2017; ECF No. 39]. The Clerk of the Court is directed to close this case.

ORDERED at Denver, Colorado this 6th day of June, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge