IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01826-MEH

RONNIE LEE HOWARD,

    Plaintiff,

v.

K. ESTRADA,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    The Plaintiff has filed a "Petition for Order Granting Judicial Notice of an Adjudicative Fact," which the Court liberally construes as a request for leave to amend the operative Amended Complaint to add a claim for relief [ECF No. 64]. Plaintiff "moves that this Court supplement and/or amend his claim with the deprivation of the [Inmate Accident Compensation Act ("IACA")], as permitted by 18 U.S.C. subsection 4126 where the injuries sustained were clearly work related." For his failure to state a plausible claim, the Court will deny Plaintiff's motion.

    Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) ("Although dismissal sunder Rule 12(b)(6) typically follow a motion to dismiss ..., a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (citations omitted).

Because futility is based on whether a claim could survive a motion to dismiss, the applicable standards for resolving a motion to dismiss are relevant here. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

In addition, a federal court must construe a *pro se* plaintiff's "pleadings liberally, applying

a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

First, the Court notes that the operative pleading alleges in the "Nature of the Case" section, "On or about 08-07-2014, *while working my job assignment*,[1] I was injured by an 800 pound food cart which knocked me out of my wheelchair, leaving me unconscious for an unknown period of time."[2] Am. Compl. 3 (emphasis added). However, Plaintiff mentions nothing about whether he sought (and was refused) worker's compensation benefits under the IACA following the incident.

The Sixth Circuit has recently described how the IACA "works":

> The Inmate Accident Compensation Act ("IACA") authorizes the Attorney General to promulgate regulations creating a workers' compensation scheme for federal prisoners who are injured during the course of their prison employment. See 18 U.S.C. § 4126(c); 28 C.F.R. § 301.101. After missing three consecutive days of work, prisoners are paid 75 percent of their lost wages for any additional work missed. 28 C.F.R. § 301.203. If the prisoner disagrees with the prison's determination as to whether his injury was actually work-related, he may appeal through the ARP—the Bureau of Prisons' ("BOP") general grievance process. 28 C.F.R. § 301.205.
>
> If the prisoner's injury creates a "physical impairment" that still exists at the time the prisoner is released, then no earlier than 45 days before he is released the prisoner may file a claim to recover additional compensation; the amount recoverable is specified in the compensation schedule of the FECA, 5 U.S.C. § 8107. 28 C.F.R. §

---

[1]With respect to Defendant Estrada, this is the only place in the Amended Complaint to which the Plaintiff alludes that he suffered injuries while working. *See* Am. Compl., ECF No. 18.

[2]The Court previously denied the Plaintiff leave to amend his complaint to add a claim under the Federal Tort Claims Act ("FTCA") for his failure to file a lawsuit alleging such claim within six months after administrative denial. ECF No. 63. To the extent Plaintiff's injuries were work-related, the IACA provides the exclusive remedy against the government, and the addition of an FTCA claim would be futile. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

3

301.314. The initial determination on this claim is made by an examiner. If the prisoner disagrees with the examiner's decision, he may seek an evidentiary hearing before an Inmate Accident Compensation Committee. If still dissatisfied with the Committee's decision, the prisoner may further appeal to the Chief Operating Officer of the federal prison system. *See* 28 C.F.R. §§ 301.303–.315. At no point during the process is blame assigned.

*Koprowski v. Baker*, 822 F.3d 248, 254 (6th Cir. 2016). Clearly, then, the IACA governs the administrative process provided for a prisoner who is injured while working for the prison facility. The Sixth Circuit described the difference between claims brought under the IACA in a prison facility and constitutional claims brought in a court of law.

> In an IACA claim, a prisoner seeks workers' compensation from the employer (the United States) for an on-the-job injury, similar to the type any employee could suffer in the course of her employment. An Eighth Amendment action seeks something significantly different: compensation from a prison official for unnecessary pain that can be inflicted only on a prisoner by such an official.

*Id.* at 256. To the extent a prisoner seeks review of a decision made by the prison facility with respect to IACA benefits, the Seventh Circuit instructs:

> a prisoner who seeks judicial review of an administrative denial of lost-time wages may proceed only under the Administrative Procedures Act, 5 U.S.C. §§ 701–06. *See Thompson v. United States*, 492 F.2d 1082, 1084 n.5 (5th Cir. 1974). Judicial review under that Act is confined to determining whether the administrative decision to deny lost-time wages was arbitrary and capricious. *Id.*

*Cesal v. Fed. Prison Indus., Inc.*, 560 F. App'x 585, 587 (7th Cir. 2014).

In this case, the Plaintiff alleges that he "exhausted the required administrati[ve] remedy established by 42 U.S.C. 1997(e) [for his constitutional claims], and the prison tort system denied any requested relief [for a potential FTCA claim]." Am. Compl. 9. But, he does not allege that he seeks judicial review of a decision by the BOP concerning benefits he received under the IACA. In fact, he alleges nothing regarding IACA benefits or worker's compensation or lost wages. *See id.*; *see also* Mot., ECF No. 64. While Plaintiff contends he "sought relief from the court after being

4

denied the relief he sought by the prison institution in charge of his safety and welfare" (Mot. 3), such statement is vague and conclusory, and there is nothing indicating this statement relates to requests for relief other than those already alleged under 42 U.S.C. § 1997 and/or the prison tort system.

Plaintiff's arguments and allegations, even liberally construed, do not plausibly support a claim under the IACA for judicial review of any denial of benefits. Accordingly, the Court **denies** the Plaintiff's "Petition for Order Granting Judicial Notice of an Adjudicative Fact," construed as a request for leave to amend the operative Amended Complaint to add a claim for relief [filed June 6, 2017; ECF No. 64].

Dated at Denver, Colorado this 8th day of June, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge